GOLDMAN v. KLEINHENZ.

(Supreme Court, Appellate Term. May 18, 1911.)

FRAUD (§ 13*)—MISREPRESENTATION—EVIDENCE.

Representation by a seller of a business that a lease covering the premises was a "four-year straight lease" is not actionable as a misrepresentation, because the lessor reserved the right to terminate the lease on five days' notice for violation of any covenant by the lessee.

[Ed. Note.—For other cases, see Fraud, Dec. Dig. § 13.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jonas Goldman against Karl Kleinhenz. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before SEABURY, GUY, and BIJUR, JJ.

Maurice B. & Daniel W. Blumenthal, for appellant.
John Goode, for respondent.

BIJUR, J. Plaintiff sued for and was allowed to recover $100, a payment on account of the purchase of defendant's business. The contract of sale was in writing, signed by the defendant. On its face the writing was a complete statement of all the terms of the transaction between the parties. Therefore, were it necessary to decide that point, oral evidence to vary or contradict the writing would be inadmissible. Oral evidence was offered; but, on examination, it is merely to the effect that plaintiff claimed that he was to have a week or two to examine the business, in order to see whether it was as represented by the defendant. But, inasmuch as that added nothing to his rights, and was merely an affirmance of his privilege to rescind the contract if it had been obtained by false representations, it need not be considered in determining the issues.

Moreover, plaintiff testifies repeatedly that he had completed his examination and concluded the agreement only thereafter. Indeed, he says that he was satisfied that all the representations were true, except in one respect, namely, that the lease made to the defendant covering the premises in which the business was conducted—stated in the contract to be a four-year lease, and claimed to have been represented by the defendant in his previous oral negotiations as a "four-year straight lease"—failed, on examination, to accord with that description. This claim, in so far as it is intelligible, seems to be based

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon the fact that the landlord had the right to terminate the lease on five days' notice *in the event that the tenant violated any of the covenants or conditions thereof.* The claim is baseless, and the objection frivolous.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.